UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

WANDA TORRES, BRIE TORRES, TYRIN TORRES, QUINTIN TORRES, and TIFFANY VASQUEZ,

                Plaintiff,

-against-

CITY OF NEW YORK; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded



12-6042
WEINSTEIN, J.

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiffs Wanda Torres, Brie Torres, Tiffany Vasquez, Quinton Torres, Tyrin Torres and Naghia Torres ("plaintiffs" or "the Torres Family") are residents of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. The Torres family lives, with her family, in a five bedroom, two-story apartment in located at 2750 West 33rd Street, apt. 2347, Brooklyn, New York.

12. On July 14, 2012, Wanda Torres, a forty-eight year-old woman, with no prior arrests was sleeping in the upstairs in the family living room. Wanda is the mother of Quentin, Tyrin and Naghia.

13. In an upstairs bedroom Harry, Brie and Tyrin slept. Downstairs Naghia and her one-year old son Noah were sleeping in one-bedroom, while Quinton, Tiffany and their one-year old son Ryan were sleeping in another.

14. At approximately 6:30 a.m. on July 14, 2012, the New York City Police Department, dressed in riot gear, forcibly entered the home under the guise of an alleged search warrant.

15. Despite the fact that plaintiffs requested to see a search warrant on several occasions, defendants refused to do so.

16. Defendants charged into plaintiffs' bedrooms and started screaming at plaintiffs and pointing guns in their faces.
Defendants then handcuffed plaintiffs and placed in the living room while police ransacked their home leaving it in complete disarray.

17. The Plaintiffs, in handcuffs, were forcibly removed them from their residence and taken to a police van; in full view of their long-time neighbors.

18. Defendants never informed plaintiffs why they were being arrested.

19. The officers transported plaintiffs to the 60th precinct where they were placed in police cells.

20. Subsequent to arresting plaintiffs, defendants continued to search the Torres residence.

21. The only contraband recovered was a small amount of "personal use" marijuana found within sealed travel bag.

22. Non-party, Harry Torres, informed the defendant police officers that the marijuana recovered was his.

23. Notwithstanding the fact that plaintiffs did not actually possess, or could not legally constructively possess the marijuana, they were all issued summons for possession of marijuana.

24. Ultimately, plaintiffs were issued summonses and released.

25. On October 11, 2012, all charges against plaintiffs were dismissed.

26. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

27. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

28. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

29. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

30. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

32. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

36. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

37. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

38. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Prosecution

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM

### Failure To Intervene

45. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   November 28, 2012
         New York, New York

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiffs*